999 F.2d 541
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Minus THOMPSON, Defendant-Appellant.
 No. 92-2490.
 United States Court of Appeals, Sixth Circuit.
 July 15, 1993.
 
 Before KENNEDY and MARTIN, Circuit Judges, and FORESTER, District Judge.*
 PER CURIAM.
 
 
 1
 Minus Thompson appeals his conviction and sentence for two counts of kidnapping, in violation of 18 U.S.C. § 1201. He argues that the district court improperly admitted evidence that Thompson had sexually assaulted one of the kidnapping victims; that the court improperly instructed the jury; and that the court deprived him of his fifth amendment right against self-incrimination. We affirm.
 
 
 2
 Thompson abducted eighteen-year-old Maria Spinella and her daughter at knifepoint on December 25, 1991 in Benton Harbor, Michigan. Thompson took Spinella's car and the victims to Barnhardt, Missouri, a town near St. Louis. In Barnhardt, Thompson stopped at a convenience store and robbed the store, again using his knife. The convenience store clerk notified the police of the robbery, and the police began a high-speed chase after Thompson. The pursuit ended when Thompson drove the car into a rock embankment, causing the car to roll over and trap the victims inside. After the crash, Thompson attempted to escape on foot, but the police immediately apprehended him.
 
 
 3
 At trial, Maria Spinella testified about the kidnapping. Spinella testified that Thompson forced her into her car at knifepoint. Spinella also testified that Thompson sexually assaulted her at a rest area near Chicago, Illinois. Thompson objected to the admission of this evidence, but the court, after balancing the probative value of the evidence against its prejudicial effect, found the evidence relevant to Thompson's motive for the kidnapping. The court also instructed the jury to consider the sexual assault evidence only insofar as it pertained to Thompson's motive. Barbara Harris, the convenience store clerk from Barnhardt, Missouri, also testified against Thompson. Harris testified that Thompson threatened her with a knife, and her testimony corroborated Spinella's testimony about Thompson's use of the knife. A video camera had recorded Thompson's attack on Harris at the convenience store, and the videotape of the robbery was replayed for the jury without objection from Thompson.
 
 
 4
 During his case in chief, Thompson informed the court that he wished to testify, but requested an order from the court limiting the prosecution's cross-examination to exclude questions about the convenience store robbery. Thompson argued that the prosecution was precluded from questioning him about the robbery because he was facing charges for that crime in Missouri. The district court denied Thompson's motion, primarily because both parties had previously placed the robbery issue before the jury. Based on this ruling, Thompson did not testify. A jury convicted Thompson on two counts of kidnapping on August 26, 1992. The district court sentenced Thompson to imprisonment for two hundred twenty-eight months, or nineteen years. On appeal, Thompson argues that the district court improperly admitted Spinella's testimony about the sexual assault; that the court did not adequately instruct the jury; and that the court erroneously ruled that the prosecution could question Thompson about the robbery if he testified. We affirm.
 
 
 5
 We review the district court's evidentiary rulings only for abuse of discretion. United States v. Moreno, 933 F.2d 362, 375 (6th Cir.), cert. denied, 112 S.Ct. 265 (1991). "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 133 (6th Cir.1990). Nothing in the record indicates that the district court abused its discretion in admitting Maria Spinella's testimony that Thompson sexually assaulted her. The court carefully weighed the probative value of the testimony as evidence of Thompson's motive for kidnapping Spinella against the obvious prejudicial nature of such evidence. Moreover, the court instructed the jury to limit its consideration of this testimony as evidence of Thompson's motive for the kidnapping. We also reject Thompson's argument that FED.R.EVID. 404(b) governed the admission of the sexual assault evidence. "Evidence which is probative of the crime charged and [which] does not solely concern uncharged crimes is not 'other crimes' evidence [under Rule 404(b) ]." United States v. DeClue, 899 F.2d 1465, 1472 (6th Cir.1990). In our opinion, Spinella's testimony related to Thompson's motive. Therefore, the district court committed no error by admitting Spinella's testimony.
 
 
 6
 Thompson also argues that the district court did not adequately instruct the jury with respect to prior inconsistent statements, "other acts" evidence, objectionable questions, the lack of distinction between direct and circumstantial evidence, and the propriety of using common sense when assessing witness credibility. "On appeal, jury instructions are reviewed as a whole ... to determine whether they adequately inform the jury of the relevant considerations and provide a basis in law for aiding the jury in reaching its decision." United States v. Montgomery, 980 F.2d 388, 392 (6th Cir.1992). So long as the instructions given are accurate and sufficient, a district court does not commit error in instructing the jury simply because it does not employ the precise language requested by a party. Id. at 393. Our review of the jury charges issued by the district court demonstrates that the court adequately informed the jury of the applicable law. Although the court did not instruct the jury in the precise manner requested by Thompson, the court committed no error in its instructions.
 
 
 7
 Finally, Thompson argues that the district court erroneously ruled that the prosecution could question him about the Missouri robbery if Thompson elected to testify in his own defense. In essence, Thompson contends that this ruling deprived him of his fifth amendment right against self-incrimination. We disagree. The robbery was part of the corpus delicti in this case. In fact, the kidnapping ended only when the Missouri police apprehended Thompson after he wrecked Spinella's car during a high-speed chase. Moreover, Thompson's counsel questioned prosecution witnesses about the robbery and failed to object to the court's admission of the robbery videotape into evidence. This case involves continuing criminal activity which began with a kidnapping and culminated in a robbery. Thompson cannot colorably argue that the district court should have permitted him to testify selectively in these circumstances.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation